**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

REGIONS BANK, an Alabama banking
corporation, d/b/a REGIONS FUNDING,

    Plaintiff,

v.                                                    Case No.  2:08-cv-31-FtM-34SPC

TIMOTHY LYNCH, individually, PYRAMID
II JANITORIAL SUPPLIES AND
EQUIPMENT, INC., a Florida corporation,
PYRAMID AMERICA, LLC, a Florida
limited liability company, HARVEY
ROLLINGS, individually, and BARBARA
O'CONNELL, individually,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery (Dkt. No. 2; Motion), filed on January 18, 2007, at 3:55 p.m.[1]  In the Motion, Plaintiff requests that the Court temporarily restrain Defendants from using "any funds associated, affiliated, related to or derived from Regions bank and or the Pyramid Transactions," prevent the transfer of any ownership interest in Pyramid II and/or Pyramid America, perform a full accounting, appointing a receiver over

---

[1] At this time, the Court only considers the request for a temporary restraining order contained in the Motion.  Otherwise, the Motion will be taken under advisement.

Pyramid II and/or Pyramid America, and freeze all assets in bank accounts and/or trust accounts that contained, at any time, any funds from Plaintiff.[2]  Motion at 10-11.

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that the Court may issue a temporary restraining order <u>only if</u> "specific facts in an affidavit or a verified complaint **clearly show** that **immediate and irreparable** injury, loss, or damage will result to the movant **before** the adverse party can be heard in opposition" **and** "the movant's attorney certifies in writing any efforts made to give notice **and** the reasons why it should not be required."  Additionally, the Court's Local Rules further require that a motion seeking a temporary restraining order must establish "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." Local Rule 4.05(b)(2), United States District Court, Middle District of Florida.

Plaintiff's Motion fails to satisfy the requirements of Rule 65(b) as well as the Court's Local Rules.  First, Plaintiff has not indicated what efforts, if any, have been made to give notice to Defendants.  More importantly, Plaintiff has not shown that the notice to Defendant is impractical or impossible due to the threat of some immediate and irreparable injury. While Plaintiff asserts that it will suffer irreparable harm, it has failed to show that the alleged injury will be immediate.  It does not set forth any facts, other than conclusory assertions, that would support a conclusion that Plaintiff would experience irreparable harm before a

---

[2] To the extent that Plaintiff is requesting that the Court seize Defendants' funds in order to preserve them pending a trial or judgment in this case, such relief is not available.  See Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1530 (11th Cir. 1994) (concluding "preliminary injunctive relief freezing a defendant's assets in order to establish a fund with which to satisfy a potential judgment for money damages is simply not an appropriate exercise of a federal district court's authority").

hearing could be held on this request or that would justify the extraordinary remedy of ex parte injunctive relief.

Moreover, the Court notes that alleged fraudulent transfers of Plaintiff's funds occurred in September 2006 and March 2007. Plaintiff does not assert that it has since transferred additional funds to Defendants that will be fraudulently distributed or acquired. Plaintiff does not indicate that it can identify any account into which the specific funds it alleges were fraudulently obtained were deposited. Furthermore, while Plaintiff asserts that it believes that a transfer of ownership interest in Pyramid America to Defendant Lynch is imminent, it does not provide any basis for this statement or its allegation that the transfer of ownership to Lynch is any more likely to result in the depletion of assets of Pyramid America than if Pyramid America continues to be owned by Defendant Groves. Indeed, based on the exhibits to the Complaint, it is possible that the transfer of ownership in Pyramid America has already occurred, and Plaintiff does not explain why it believes that it has not.

Furthermore, in the Motion, Plaintiff references a related action pending in the Northern District of Georgia. See Motion at 2 n.1. Upon review of this action, the Court finds that it cannot conclude that providing Defendants notice and opportunity to be heard on the instant motion would be impractical, impossible, or result in irreparable injury. It appears that Plaintiff has had notice of the allegedly fraudulent transfers since at least June 8, 2007, when it filed suit against these Defendants, as well as others in the Northern District of Georgia. Indeed, Defendants likewise have been aware of Plaintiff's attempt to reclaim its funds since June or July of 2007. Yet, Plaintiff did not seek temporary injunctive relief in

that action and does not explain what facts have changed or what actions Defendants have taken to warrant the relief at this time.

Furthermore, Plaintiff asserts that notice to Defendants of the request for temporary injunctive relief might result in further dissipation of Plaintiff's funds and that it will accelerate any transfer of ownership and place the assets of the company in grave danger. However, Plaintiff provides no facts in support of these conclusory assertions. Additionally, the assertions are belied by the fact that Defendants have had notice of Plaintiff's attempts to reclaim these funds since June or July of 2007, and Plaintiff has not alleged that any efforts have been made consistent with the acts of alleged irreparable harm identified in the Motion or that Defendants have engaged in any wrongful acts or conduct since the filing of the lawsuit in the Northern District of Georgia.

Finally, to the extent that Plaintiff is seeking "emergency" relief, it appears to be an emergency of its own making. As set forth above, Plaintiff has known about the allegedly fraudulent transfers of its funds since at least June 2007, and it does not offer any explanation for the delay in filing this Motion. An emergency of the Plaintiff's own creation is an inappropriate basis for seeking expedited review and designating a motion as an "emergency." See Plant v. Does, 19 F. Supp. 2d 1316, 1318 (S.D. Fla. 1998) (expressing disapproval of eleventh hour motions wherein the plaintiffs created the emergency situation and holding that the "Court [would] not countenance the practice of filing eleventh hour motions in the hopes that the Court [would] not have time to come to a reasonable and just legal decision and [would] be forced to hastily sign a proposed order in an effort to reach an expedited disposition").

Based on the foregoing, the Court concludes that, to the extent the Motion seeks the entry of a temporary restraining order, it is due to be denied.  Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery (Dkt. No. 2) is **DENIED, in part, and TAKEN UNDER ADVISEMENT, in part**.

    a. The motion is **DENIED** to the extent that Plaintiff seeks a temporary restraining order.

    b. In all other respects, the motion is **TAKEN UNDER ADVISEMENT**.

2. If Plaintiff desires to pursue to the request for preliminary injunctive relief contained in the motion, it shall comply with the requirement of Local Rule 4.05(b)(6) in accomplishing service on Defendants.  Once Defendants have been served and proof of service has been filed, the Court will set this matter for a hearing on the request for a preliminary injunction.

**DONE AND ORDERED** at Fort Myers, Florida, this 18th day of January, 2008.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc1
Copies to:

Counsel of Record