UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**Civil Action No.: 2:08-CV-00031-MMH-SPC**

REGIONS BANK, an Alabama banking
corporation, d/b/a REGIONS FUNDING

   Plaintiff,

v.

TIMOTHY LYNCH, individually,
PYRAMID II JANITORIAL SUPPLIES
AND EQUIPMENT, INC. a Florida
corporation, PYRAMID AMERICA, LLC a
Florida limited liability company, HARVEY
ROLLINGS, individually, STORMY
WILDER, individually, and BARBARA
O'CONNELL, individually,

                Defendants.
_____/

## DEFENDANTS STORMY WILDER'S AND BARBARA O'CONNELL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY

COME NOW the Defendants, STORMY WILDER (hereinafter, "WILDER") and BARBARA O'CONNELL (hereinafter, "O'CONNELL"), by and through the undersigned counsel and pursuant to Middle District Local Rule 3.01(b) and 4.06(b)(3), hereby file their Response in Opposition to Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery (hereinafter, "Motion"), [1] and in support thereof states as follows:

### I. BACKGROUND

1.    This action stems from an alleged mortgage loan fraud scheme.

2.    On or about September 1, 2006, the Plaintiff REGIONS BANK, d/b/a REGIONS

---

[1] It should be noted that Plaintiff's Motion presented no argument in favor of expedited discovery.

Case 2:08-cv-00031-UA-SPC   Document 27   Filed 02/29/08   Page 2 of 9 PageID 232

REGIONS BANK. v. TIMOTHY LYNCH, et al.
Civil Action No.: 2:08-CV-00031-MMH-SPC
Response in Opposition to Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery
Page 2
_____

FUNDING (hereinafter "REGIONS") entered into a Master Bailment Agreement with non-party Best Title Solutions, Inc. (hereinafter, "Best Title") by and through O'CONNELL wherein Best Title was to hold funds received from REGIONS requested by non-party Groves Funding Corporation and/or Groves Funding Group, Inc. (hereinafter, collectively referred to as "Groves Funding") (pursuant to a Warehouse Line of Credit between Groves Funding and REGIONS) pending the closing of certain home loans originated by Groves Funding ("the loans") which were then to be disbursed to fund the loans.  Best Title was to return the funds to REGIONS on any of the loans which were not funded within forty-eight (48) hours of receipt of the funds from REGIONS.

3.      On September 1, 2006, Groves Funding originated the loans for the designated borrowers Burnett and Flora (loans GFC-1445 and GFC-1446, respectively).  Consequently, REGIONS wired $572,000 to Best Title for the Burnett loan and $747,750.98 for the Flora loan.

4.      At or about this time, non-party Toby Groves ("Groves") the owner of Groves Funding, was allegedly attempting to purchase Defendant, PYRAMID II JANITORIAL SUPPLIES AND EQUIPMENT, INC. ("PYRAMID II") from its owner, TIMOTHY LYNCH ("LYNCH"). Groves allegedly stated that he would utilize funds from the REGIONS Warehouse Line of Credit to fund the purchase of PYRAMID II on a short term basis which he planned to return within thirty (30) to sixty (60) days, and that he therefore needed LYNCH to finance approximately $2 million to $2.5 million.  LYNCH allegedly agreed to subordinate his interest to that of REGIONS.

5.      Groves' purchase of PYRAMID II was to be made by and through the newly created PYRAMID AMERICA, LLC ("PYRAMID AMERICA").

Case 2:08-cv-00031-UA-SPC   Document 27   Filed 02/29/08   Page 3 of 9 PageID 233

REGIONS BANK. v. TIMOTHY LYNCH, et al.
Civil Action No.: 2:08-CV-00031-MMH-SPC
Response in Opposition to Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery
Page 3
_____

      6.      Groves, by and through Groves Funding, allegedly originated fraudulent loans for the purpose of obtaining funds through the REGIONS Warehouse Line of Credit, including, but not limited to, the aforementioned Burnett and Flora loans. A Groves Funding employee also allegedly contacted non-party Classic Title Agency in Ohio and instructed them to wire funds it received from REGIONS to Best Title for the purpose of closing two other allegedly fraudulent loans, to wit: loan GFC-1443 in the amount of $485,950 for borrower Artrip and loan GFC-1444 in the amount of $494,785 for the borrower Johnson.

      7.      On September 5, 2006, Best Title received the funds from REGIONS for the Burnett, Flora, Artrip and Johnson loans.[2] On September 6, 2006, Best Title transferred the aforementioned funds in its escrow account to the trust account of ROLLINGS, Best Title's registered agent (and alleged by Plaintiff to be the attorney and a shareholder and officer of Best Title), per ROLLINGS' instructions, to be disbursed. WILDER and O'CONNELL allegedly authorized this transfer. Unbeknownst to WILDER and O'CONNELL, the transferred funds were then utilized to fund the purchase of PYRAMID II by PYRAMID AMERICA, a transaction which apparently was largely facilitated by ROLLINS.

      8.      On March 7, 2007, Best Title received funds from REGIONS in the amount of $645,980.52 to fund the loan designated for the borrower Donovan.[3] On the same date, a Groves

___

[2] At the time of receipt, WILDER and O'CONNELL were unaware as to which specific loans the funds had been designated.

[3] Again, WILDER and O'CONNELL were unaware at the time of receiving the funds that these funds were specifically designated for the Donovan loan.

REGIONS BANK. v. TIMOTHY LYNCH, et al.
Civil Action No.: 2:08-CV-00031-MMH-SPC
Response in Opposition to Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery
Page 4

_____

Funding employee allegedly instructed Best Title to apply the Donovan funds to another home loan for borrower Rick Goldie, and which was allegedly funded by Best Title on the same date.

9. On or about January 18, 2008, REGIONS filed the above captioned Complaint against WILDER and O'CONNELL individually (but not against Best Title), alleging violations of the Federal RICO statute (18 U.S.C. § 1962), violations of Florida's Deceptive and Unfair Trade Practices Act (Fla. Stat. §§ 501.201, *et. seq.*), Conversion, Accounting, Fraud, Breach of Fiduciary Duty, Negligence and Conspiracy.

10. REGIONS' Motion should be denied as to Defendants WILDER and O'CONNELL for the reasons set forth below.

## II. MEMORANDUM OF LAW

### A. STANDARD OF REVIEW

A district court may grant preliminary injunctive relief when the moving party shows that: (1) it has a substantial likelihood of success on the merits of the underlying case when the case is ultimately tried; (2) irreparable injury during the pendency of the suit will be suffered unless the injunction issues immediately; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005).

### B. REGIONS IS UNLIKELY TO PREVAIL ON THE MERITS OF THE CASE.

First, REGIONS is unlikely to prevail on the merits of the underlying case. As explained in

Case 2:08-cv-00031-UA-SPC   Document 27   Filed 02/29/08   Page 5 of 9 PageID 235

REGIONS BANK. v. TIMOTHY LYNCH, et al.
Civil Action No.: 2:08-CV-00031-MMH-SPC
Response in Opposition to Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery
Page 5
_____

more detail in Defendants WILDER's and O'CONNELL's Motion to Dismiss, REGIONS cannot prevail on its RICO claims, due primarily, but not solely, to REGIONS' failure to allege a pattern of racketeering activity.  REGIONS cannot prevail on its FDUTPA claim because, as a bank regulated by federal agencies, REGIONS lacks standing to bring suit under FDUTPA. Fla. Stat. § 501.212(4)(c). [4]

### C.  REGIONS WILL NOT SUFFER IRREPARABLE INJURY.

Secondly, REGIONS will not suffer irreparable injury if the TRO and Preliminary Injunction are not issued against WILDER and O'CONNELL. [5] The subject funds were transferred out of Best Title's escrow account on September 6, 2006 and March 7, 2007, as alleged in the Verified Complaint at paragraphs 47 and 24, respectively.  Best Title is no longer in possession of any of the subject funds.  Further, Defendants WILDER and O'CONNELL were never *personally* in possession of the subject funds.  While it may be true that REGIONS may suffer some injury if the TRO and Preliminary Injunction are not issued <u>against those Defendants which may still possess some of the subject funds, such as PYRAMID II or PYRAMID AMERICA</u>, it is not conceivable how REGIONS will suffer any harm, let alone the irreparable harm required to obtain preliminary injunctive relief,

---

[4] It should be noted that REGIONS' Motion asserts a likelihood of success on the merits of only the RICO and FDUTPA claims.  Even were REGIONS to assert a likelihood of success on the merits as to the other claims brought by REGIONS, REGIONS is unlikely to prevail on those claims as well for the reasons set forth in Defendants, WILDER's and O'CONNELL's Motion to Dismiss.

[5] It should be noted that the Motion was brought seeking injunctive relief against WILDER and O'CONNELL individually, rather than against Best Title, the entity which actually held the subject funds in its accounts for a short period of time before they were transferred.

REGIONS BANK. v. TIMOTHY LYNCH, et al.
Civil Action No.: 2:08-CV-00031-MMH-SPC
Response in Opposition to Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery
Page 6

_____

if WILDER's and O'CONNELL's personal accounts are not frozen, since WILDER and O'CONNELL, as individuals, were never in possession of the subject funds in the first place. [6]

### D. THE POTENTIAL INJURY TO REGIONS IF THE INJUNCTION IS NOT ISSUED DOES NOT OUTWEIGH THE POTENTIAL HARM TO DEFENDANTS WILDER AND O'CONNELL IF THE INJUNCTION IS ISSUED.

Thirdly, the injury that will be suffered by WILDER and O'CONNELL if the injunction is issued far outweighs any harm that might be suffered by REGIONS if the injunction is not issued. If the injunction is issued against WILDER and O'CONNELL, their *personal* accounts will be frozen, which is an extremely harsh and unnecessary remedy. If Best Title's accounts are frozen, Best Title will be severely hampered and may even be unable to carry on its business. On the other hand, if the injunction is not issued, REGIONS will still be able to conduct its business. Therefore, any harm that might be suffered by REGIONS if the injunction is not issued is far outweighed by the harm to Defendants WILDER and O'CONNELL (and to Best Title) if the injunction is issued.

### E. ENJOINING DEFENDANTS WILDER AND O'CONNELL WILL NOT SERVE THE PUBLIC INTEREST.

Finally, enjoining WILDER and O'CONNELL will not serve the public interest. Once again, while it may be that the public interest will be served by issuing an injunction against those Defendants which may still possess some of the subject funds, such as PYRAMID II and PYRAMID

---

[6] Likewise, it is not conceivable how REGIONS will suffer irreparable harm if Best Title's accounts are not frozen, since Best Title is no longer in possession of the subject funds.

REGIONS BANK. v. TIMOTHY LYNCH, et al.
Civil Action No.: 2:08-CV-00031-MMH-SPC
Response in Opposition to Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery
Page 7

_____

AMERICA, the public interest would not be served by freezing the accounts of WILDER and O'CONNELL, individuals who were never in possession of the subject funds in the first place, or by freezing the accounts of Best Title, an entity which is no longer in possession of the subject funds. Further, an individual or entity cannot possibly be aware of all of the other commercial dealings of their business associates.  Therefore, to issue an injunction against individuals or entities which are no longer in possession of the funds in question (or were never in possession of such in the first place) would have a chilling effect on the conduct of commerce since it would have the effect of discouraging innocent individuals or entities (such as WILDER and O'CONNELL) from conducting business with one another for fear that the other party may be involved in illicit activities. Accordingly, not only would the public interest not be served by issuing an injunction against WILDER and O'CONNELL, the public interest would actually be harmed by doing so.

WHEREFORE, for the foregoing reasons, Defendants STORMY WILDER and BARBARA O'CONNELL respectfully request this Honorable Court deny REGIONS' Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery, grant attorney's fees and costs to WILDER and O'CONNELL, and grant such further relief deemed just and necessary by the Court.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **February 29, 2008,** I electronically filed the foregoing document with the Clerk of the Court using CM/ESQ system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to: Angelina Whittington,

_____

Esq. and William Cassidy, Jr., Esq., SHUTTS & BOWEN, LLP, 100 S. Ashley Drive, Suite 1500, Tampa, FL  33602 and Michael J. Corso, Esq., Henderson, Franklin, Starnes & Holt, P.O. Box 280, Fort Myers, FL 33902-0280.

/s/ Gary L. Brown
GARY BROWN, ESQUIRE
Florida Bar No.: 0054585
Kelley, Kronenberg, Gilmartin, Fichtel & Wander, P.A.

Attorneys for Wilder and O'Connell

8201 Peters Road, Suite 4000

Fort Lauderdale, FL 33324

(954)370-9970

(954)382-1988 fax number

gbrown@kelleykronenberg.com

GLB/cjv

Angelina Whittington, Esquire

William Cassidy, Esquire

SHUTTS & BOWEN, LLP

100 S. Ashley Drive

Suite 1500

Tampa, FL 33602