UNITED STATES DISTRICT COURT
MIDDLED DISTRICT OF FLORIDA
FORT MEYERS DIVISION

REGIONS BANK, an Alabama banking
corporation, d/b/a REGIONS FUNDING,

    Plaintiff,

v.                                  Case No. 2:08-cv-00031-FTM-UA-SPC

TIMOTHY LYNCH, individually;
PYRAMID II JANITORIAL SUPPLIES
AND EQUIPMENT, INC., a Florida
corporation; PYRAMID AMERICA, LLC;
HARVEY ROLLINGS, individually;
STORMY WILDER, individually;
BARBARA O'CONNELL, individually,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Objections to Order of Magistrate Judge (Dkt. 130) and Plaintiff's Response (Dkt. 133).

### Background and Procedural History

On January 18, 2008, Plaintiff filed a Complaint alleging that the Defendants fraudulently used the sale of Pyramid II Janitorial Supplies and Equipment, Inc. to Pyramid America, LLC to steal approximately 2.1 million dollars from Regions Bank (Dkt. 1). On May 12, 2008, Plaintiff filed an amended Complaint consisting of fifteen counts alleging *inter alia* violations of the Civil RICO Statute, 18 U.S.C., §1962(c), Breach of Fiduciary Duty, and Conversion, based on diversity jurisdiction under 28 U.S.C., §1332 (Dkt. 87). After

supervising pretrial matters including discovery. United States Magistrate Judge Sheri Polster Chappell gave due consideration to Plaintiff, Region Bank's, Amended Motion to Compel Responses to Interrogatories, Request for Production and Deposition Testimony, filed October 28, 2008 (Dkt. 117) and Defendants' Response in Opposition filed November 11, 2008 (Dkt. 123). On December 9, 2008, Judge Chappell issued an Order granting Plaintiff's Motion to Compel the requested responses to interrogatories, production and the deposition testimony but denying a request for imposition of attorney's fees and costs on the Defendant (Dkt. 127). It is this Order that Defendants now challenge.

## Standard of Review

The standard of review for a discovery ruling is abuse of discretion. *Thomas v. George et al.*, 2008 U.S. App. LEXIS 8844 *23 (11th Cir. 2008). *See also Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1466 (11th Cir. 1984) (per curiam). Under the deferential abuse of discretion standard, a ruling must be affirmed unless the Court finds that it was "manifestly erroneous," was a clear error of judgment or applied the wrong legal standard. *U.S. v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004). This Court must consider timely objections to a nondispositive pretrial order by a magistrate judge and modify or set aside any part of the order the Court finds "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a), *codified in* 28 U.S.C. § 636(b)(1)(A).

## Discussion

The challenged Order specifically describes three interrogatories to which Defendants objected, on the grounds that the information sought related to funds already in possession of the Plaintiff, was irrelevant, was beyond the scope of permissible discovery, and premature in

seeking post-judgment discovery. (Dkt. 127 at 5-6). Judge Chappell considered the facts and arguments along with applicable law and federal procedural rules, and overruled the Defendants' objections, ordering responses in full to the three interrogatories at issue.

Similarly, Defendants objected to Plaintiff's request for production of some specifically described financial documents concerning assets acquired during the perpetration of the alleged theft of the approximately 2.1 million dollars from Regions Bank. (*Id.* at 3-5). Defendants argued that the documents sought were overly burdensome, beyond the scope of appropriate discovery, protected by the attorney-client privilege and also represented a premature attempt to obtain post-judgment discovery. (*Id.*). The Magistrate Judge considered and rejected these claims also, specifically noting that Defendants had produced no proof that Defendants' attorney-client privilege would be violated by compliance with the requests and that the requests directly related to the Plaintiff's constructive trust claim. (*Id.* at 4).

The deposition at issue was that of Linda Achilles, the Chief Financial Officer for Pyramid II. (*Id.* at 6). Plaintiff alleges that Achilles had $100,000.00 of the fraudulent funds transferred into her account and that Achilles was a key participant in the events in dispute. (*Id.*). During her deposition, Achilles refused to answer questions concerning that $100,000.00 paid to her by Defendant Timothy Lynch. (*Id.*). After consideration of Defendants' objections to compulsion of Achilles' answers to questions concerning those funds because she was not a party, the Magistrate Judge properly ordered completion of her testimony in the form of written responses to questions returned under oath and notarized. (*Id.* at 7-8).

Finally, Judge Chappell denied Plaintiff's request for fees and costs under Fed. R. Civ.

P. 37(a)(4)(A), ruling that there was at that point not just cause for imposition of those costs on the Defendant. (*Id.* at 7).

Defendants now argue to this Court that the Magistrate Judge failed to appropriately balance Defendants' (and Achilles') "privacy or confidentiality interests" against Plaintiff's requests for information as required by the Eleventh Circuit in *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (Dkt. 130 at 6). While the Court reserves the discretion under the applicable standard of review to disregard arguments not previously made to the Magistrate Judge, it has considered Defendants' arguments concerning privacy and the cited authority. Defendants further cite 15 U.S.C. § 6802 and Fla. Stat. § 655.059 as affording special privacy rights to the financial information sought through discovery by Plaintiff.

Defendants' arguments are not persuasive. In *Farnsworth*, the Eleventh Circuit affirmed a district court's exercise of discretion in a product liability lawsuit, in issuing a protective order denying a plaintiff access to highly personal health information maintained by a non-party, the Center for Disease Control (CDC). 758 F.2d at 1546. The CDC, in response to a subpoena, had provided the plaintiff with voluminous amounts of pertinent data, and the identities of women who participated in a particular study and agreed to the disclosures. *Id.* However, the Court of Appeals affirmed that the district court properly used its discretion to excuse the CDC from providing the identities of the women who did not specifically consent to the disclosures. *Id.* Additionally, the financial privacy statutes cited by Defendants (also not presented to the Magistrate) have specific exclusions for subpoenas and appropriate court orders. *See* 15 U.S.C. § 6802(e)(8) and Fla. Stat. § 655.059(1)(e).

Defendants correctly note that discovery in instant matter is governed by federal rules. (Dkt. 130 at 9). The record of this matter clearly indicates that the Magistrate Judge carefully considered Defendants' objections along with the applicable law and rules, and, thereafter, ordered discovery of financial information and testimony of a kind routinely available in cases of this nature. Judge Chappell properly found Defendants' objections to be without merit. Additionally, it is noted that Plaintiff's request for fees and costs incurred in responding to the earlier discovery objections were denied. However, the subsequent delay and litigation costs may warrant reconsideration under Fed. R. Civ. P. 37(a)(4)(A) by the Magistrate Judge.

## Conclusion

This Court finds that the Magistrate Judge's Order of December 9, 2008 (Dkt. 127) was neither an abuse of discretion nor clearly erroneous or contrary to law. Accordingly, it is

**ORDERED** that Defendants' Objections to Order of Magistrate Judge (Dkt. 130) are **OVERRULED** and the Defendants are ordered to comply with the Order immediately.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 17th day of February, 2009.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record